1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   CHANG JING XU,                    )   No. SACV 18-785-SJO (AGR)
                                       )
12              Petitioner,            )
                                       )   OPINION AND ORDER ON PETITION
13        v.                           )   FOR WRIT OF HABEAS CORPUS (28
                                       )   U.S.C. § 2241)
14   KIRSTJEN NIELSEN, et al.          )
                                       )
15                                     )
                                       )
16              Respondent.            )
     _____)

17        The Court agrees with Respondent's May 25, 2018 Suggestion Of Mootness

18   showing that Petitioner has received conditional release from pre-removal ICE custody,

19   which is the relief sought in the Petition.  His conditional release on or about May 17,

20   2018 renders the case moot.

21                                    I.

22                               **BACKGROUND**

23        On May 4, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to

24   28 U.S.C. § 2241 ("Petition") and an ex parte application seeking appointment of the

25   Federal Public Defender as counsel.  Petitioner states in the Petition that he is a citizen

26   of China who is the subject of a final order of removal.  He was taken into removal-

27   related ICE custody on August 15, 2017.  Petitioner challenges the length of his pre-

28   removal detention.

On May 25, 2018, Respondent filed a Notice that Petitioner Has Been Released and Suggestion Of Mootness.  (Dkt. No. 5.)  Exhibit 1 is an Order of Supervision indicating that Petitioner was released from ICE custody on May 17, 2018, subject to certain conditions.

## II.

## DISCUSSION

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990).  The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted.  *American Rivers v. National Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").  "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition."  *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus."  *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

In *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991), the petitioner, a foreign national, sought habeas relief to challenge the indefinite duration of his immigration detention after the revocation of his parole.  This Court dismissed his petition without prejudice for failure to exhaust administrative remedies, and he appealed.  While his appeal was pending, he was released from custody and re-paroled for one year.  The Ninth Circuit held that his release and re-parole rendered the case moot.  *Id.* at 776

("Picrin-Peron has requested only release from custody.  Because he has been released, there is no further relief we can provide.").  Given that Petitioner has already been conditionally released, as he wished, this Court is unable to provide further relief and will dismiss the case summarily.  *See McNutt v. Chelan County*, 2008 WL 4148604, *1 n.1 (E.D. Wash. 2008) ("Habeas petition[s] brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.").

IT IS HEREBY ORDERED that the Petition is DENIED as moot.

IT IS FURTHER ORDERED that the ex parte application, filed along with the Petition, seeking appointment of the Federal Public Defender as Petitioner's counsel, is likewise DENIED as moot.

DATED: 6/6/18

*S. James Otero*

_____
S. JAMES OTERO
United States District Judge